*1019 OPINION.
Love:
The stipulation disposes of the controversy with respect to amounts of gain or loss on real estate sales, the inclusion in income of dividends received, and deductions of interest. This leaves for. decision only the questions, (1) whether or not a deductible loss was sustained upon the reacquisition of the McGrath farm by petitioner in 1920; and (2) whether or not he is entitled to deduct as bad debts the notes mentioned in the stipulation, in paragraph 3, under 1920.
The sale of the McGrath farm in 1918 constituted a completed transaction, and the profit thereon was properly included in income of that year. The reacquisition in 1920, at foreclosure sale, was a separate transaction and the price paid therein is the basis upon which to compute gain or loss on future disposition of the property. Appeal of Manomet Cranberry Co., 1 B. T. A. 706. Therefore, no part of the profit on the sale in 1918 may be deducted as a loss in 1920. However, the petitioner received as a part of the consideration on that sale a second mortgage of $4,000, given by the purchaser. This mortgage was reckoned at face value in arriving at the profit. Petitioner thereafter assigned it to a third party and guaranteed its payment. Upon the mortgagor’s default, petitioner was obliged to pay. In the foreclosure proceedings, after payment of the amount due on the first mortgage and the expenses, there remained only $127.14 applicable to the second mortgage. As to the balance of $3,872.86 of principal, this mortgage became worthless. The petitioner is entitled to deduct the latter amount as a bad debt.
There were also given, as part of the consideration in the sale in 1918, notes totaling $900, payable January 1,1919. Counsel for petitioner in his brief states these notes also were not paid, but the evidence does not disclose whether they were paid or not, and we cannot accept this statement as a substitute for evidence.
During the tailing of the depositions, the respondent moved to strike out the testimony relating to the notes made by Mowbray, Jones, Bowley and Jackson. This motion must be granted, since these notes are not within the issues raised by the pleadings. For the same reason, we are precluded from considering the testimony in regard to the notes of Milford Phillips and J. H. Phillips. See W. A. Roth v. Commissioner, 4 B. T. A. 834; Appeal of Dixie Manufacturing Co., 1 B. T. A. 641.

Judgment will be entered on 15 days’ notice, under Rule 50.

Considered by Tkttssell, Smith, and Littleton.